## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IHOP FRANCHISING, LLC, et al., )
)
       **Plaintiffs,** )
) CIVIL ACTION
v. )
) No. 13-2641-KHV
WAJDI TABEL, )
)
       **Defendant.** )
_____)

## **MEMORANDUM AND ORDER**

Plaintiffs bring suit against Wajdi Tabel for breach of contract, ejectment, trademark infringement and unfair competition. See Verified Complaint For Damages, Preliminary And Permanent Injunctive Relief, Ejectment, and Declaratory Judgment (Doc. #1) filed December 16, 2013. Plaintiffs claim that defendant has breached their franchise agreement by refusing to complete an assignment of his restaurant to IHOP Franchising and by secretly selling, transferring or assigning the restaurant, its premises and its equipment to a third party without plaintiffs' consent. Plaintiffs seek a preliminary and permanent injunction which (1) directs defendant to surrender the restaurant and its inventory, licensed trademarks and proceeds; (2) ejects defendant from the restaurant premises; and (3) enjoins defendant from using plaintiffs' trademarks. Plaintiffs also seek damages and a declaratory judgment that (1) defendant breached the franchise agreement; and (2) IHOP Franchising properly terminated the franchise documents.

Plaintiffs have filed a motion for preliminary injunction. See Plaintiffs' Motion For Preliminary Injunction (Doc. #7) filed December 27, 2013. This matter comes before the Court on Plaintiffs' Motion For Hearing On Motion For Preliminary Injunction (Doc. #11) filed January 2, 2014 and Defendant's Motion To Dismiss Or In The Alternative To Stay Plaintiff's [sic] Motion For

Preliminary Injunction And Verified Complaint For Damages, Preliminary And Permanent Injunctive Relief, Ejectment, And Declaratory Judgment (Doc. #12) filed January 7, 2014. For reasons stated below, the Court overrules defendant's motion to dismiss or stay and refers plaintiffs' motions to the magistrate judge.

**I.      Defendant's Motion To Dismiss/Stay**

Defendant contends that under 11 U.S.C. § 362, the automatic stay applies to plaintiffs' motion for preliminary injunction and verified complaint for damages. See Defendant's Motion (Doc. #12) at 1. Defendant states that on May 24, 2011, he and his wife filed for protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq. Id. at 1, ¶ 1. Plaintiff asserts that a plan of reorganization was confirmed on September 26, 2012, but he has not yet received a discharge and the bankruptcy case has not been closed. Id. at 1, ¶ 2. Without citing any authority, defendant asserts that under Chapter 11, "when the debtor is an individual, because discharge does not occur upon confirmation, the automatic stay does not expire until completion of plan payments." Id. at 2, ¶ 4.

Plaintiffs respond with citations to the confirmation order in defendant's bankruptcy case, along with legal argument and authority, which demonstrate that the automatic stay does not apply because plaintiffs' claims involve post-petition, post-confirmation conduct regarding assets which are no longer part of the bankruptcy estate. See Plaintiffs' Memorandum In Opposition To Defendant's Motion To Dismiss Or In The Alternative [To] Stay Plaintiffs' Motion For Preliminary Injunction And Verified Complaint For Damages, Preliminary And Permanent Injunctive Relief, Ejectment, And Declaratory Judgment (Doc. #13) filed January 14, 2014. Defendant did not reply to plaintiffs' response. After careful review, the Court finds that defendant's motion should be

overruled for substantially the reasons stated in plaintiffs' opposing memorandum. See id.

## II.  Plaintiffs' Motion For Preliminary Injunction And Request For Hearing

As noted, plaintiffs seek a preliminary injunction and a hearing on said motion. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court refers the motion for a hearing to Magistrate Judge Teresa J. James.[1] Also, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the Court refers the motion for preliminary injunction to the magistrate judge to conduct proceedings and submit proposed findings of fact and recommendations regarding disposition of the motion.[2]

---

[1]  Section 636(b)(1)(A) states, in part, as follows:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings [or] for summary judgment.

28 U.S.C. § 636(b)(1)(A).

Rule 72(a) states, in part, as follows:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.

Fed. R. Civ. P. 72(a).

[2]  For purposes of referring matters to the magistrate judge, motions for preliminary injunction are generally treated as dispositive motions. See, e.g., Jones v. Riggs, 305 F. App'x. 986, 987 (4th Cir. 2009) (per curiam) (absent parties' consent, magistrate judge did not have authority to enter final order on motion for preliminary injunction); Ritter v. Cook, 45 F. App'x. 325 (5th Cir. 2002) (same); Marsh v. Persons, No. 09-cv-00487-PAB-MJW, 2010 WL 965516, at *1 (D. Colo. March 15, 2010); Mitchell v. Century 21 Rustic Realty, 233 F. Supp.2d 418, 430 (E.D.N.Y. 2002).

Section 636(b)(1)(B) states, in part, as follows:

(continued...)

-3-

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Or In The Alternative To Stay Plaintiff's [sic] Motion For Preliminary Injunction And Verified Complaint For Damages, Preliminary And Permanent Injunctive Relief, Ejectment, And Declaratory Judgment (Doc. #12) filed January 7, 2014 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Hearing On Motion For Preliminary Injunction (Doc. #11) filed January 2, 2014 and Plaintiffs' Motion For Preliminary Injunction (Doc. #7) filed December 27, 2013 be and hereby are referred to Magistrate Judge Teresa J. James.

---

[2](...continued)
(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A).

28 U.S.C. § 636(b)(1)(B).

Rule 72(b) states, in part, as follows:

(b) Dispositive Motions and Prisoner Petitions.
> (1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

Fed. R. Civ. P. 72(b)(1).

Dated this 13th day of March, 2014 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge