**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IHOP FRANCHISING, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2641-KHV |
| WAJDI TABEL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER AND PRELIMINARY INJUNCTION

IHOP Franchising, LLC, IHOP Property Leasing, LLC, IHOP IP, LLC, and International House of Pancakes, LLC (collectively, "Plaintiffs" or "IHOP") bring suit against Wajdi Tabel for breach of contract, ejectment, trademark infringement and unfair competition. See Verified Complaint For Damages, Preliminary And Permanent Injunctive Relief, Ejectment, And Declaratory Judgment (Doc. #1) filed December 16, 2013. Plaintiffs claim that defendant has breached their franchise agreement by refusing to complete an assignment of a restaurant to IHOP Franchising and by secretly selling, transferring or assigning the restaurant and its premises and equipment to a third party without plaintiffs' consent. Plaintiffs seek a preliminary and permanent injunction which (1) directs defendant to surrender the restaurant and its inventory, licensed trademarks and proceeds; (2) ejects defendant from the restaurant premises; and (3) enjoins defendant from using plaintiffs' trademarks. Plaintiffs also seek damages and a declaratory judgment that (1) defendant breached the franchise agreement; and (2) IHOP Franchising properly terminated the franchise documents.

This matter comes before the Court on Plaintiffs' Motion For Preliminary Injunction (Doc. #7) filed December 27, 2013. On March 13, 2014, the Court referred the motion to Magistrate Judge Teresa J. James to conduct proceedings and submit proposed findings of fact and

recommendations regarding disposition of the motion.[1] See Memorandum And Order (Doc. #16). On March 26, 2014, Judge James held an evidentiary hearing, see Clerk's Minute Sheet – Hearing (Doc. #21), and on April 15, 2014, she entered a Report And Recommendation (Doc. #33).

Judge James found as follows: Plaintiffs are likely to succeed on the merits of their claims for breach of contract, trademark infringement and unfair competition. Id. at 13-18. Specifically, the evidence shows that (1) defendant failed and refused to recognize IHOP's right of first refusal to acquire the restaurant, id. at 13; (2) IHOP was entitled to terminate the franchise agreement with defendant, id. at 18; (3) defendant lost all right to use IHOP trademarks, id.; and (4) defendant's continued, unauthorized use of IHOP marks will cause customer confusion, id. Absent a preliminary injunction, plaintiffs will suffer irreparable harm. Id. at 20-22. Plaintiffs have no control over customer experience at the restaurant, and defendant's continued and unauthorized use of IHOP marks will harm the strong reputation and goodwill associated with the IHOP name. Id. at 20-21. Defendant no longer has any rights in the restaurant premises or the fixtures and equipment in the restaurant, and plaintiffs will suffer irreparable harm if defendant is permitted to continue the unauthorized possession and operation of the restaurant during this litigation. Id. at 22. Based on the evidence, the balance of hardships and the public interest weigh in favor of issuing a preliminary injunction. Id. at 23-24.

Judge James recommended that the Court enter a preliminary injunction without requiring plaintiffs to post security under Rule 65(c), Fed. R. Civ. P. Id. at 25. Specifically, Judge James

---

[1] On the same date, the Court overruled defendant's motion to dismiss or stay the case. See Memorandum And Order (Doc. #16) filed March 13, 2014. Pursuant to Rule 12(a)(4)(A), Fed. R. Civ. P., defendant had 14 days, or until March 27, 2014, to file a responsive pleading. Defendant failed to do so and on April 3, 2014, the Clerk entered default against him. See Entry Of Default By Clerk (Doc. #24).

found that (1) neither party has addressed the issue of security under Rule 65(c); (2) defendant has not asserted any counterclaim against plaintiffs; (3) the Clerk has entered default against defendant; and (4) plaintiffs have shown a high likelihood of success on the merits. Id.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed. R. Civ. P., the parties had 14 days, or until April 29, 2014, to file written objections to the report and recommendation. On April 25, 2014, plaintiffs filed a notice which states that defendant has agreed to waive his right to appeal the magistrate judge ruling.[2] See Notice Of Defendant's Waiver Of Right To Object To The April 15, 2014 Report And Recommendation (Doc. #35). In light of this notice, and in light of the fact that neither party has filed an objection, the Court will adopt in full the thorough and well-reasoned report and recommendation of the magistrate judge.

**IT IS THEREFORE ORDERED** that the Court hereby adopts the magistrate judge Report And Recommendation (Doc. #33) filed April 15, 2014.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Preliminary Injunction (Doc. #7) filed December 27, 2013 be and hereby is **SUSTAINED**. Effective immediately, the Court orders as follows:

(1) Defendant, Wajdi Tabel, and those acting in concert with him, shall surrender possession of and leave the restaurant premises and facilities located at 15410 West 119th Street, Olathe,

---

[2] With the notice, plaintiffs provide an email from defense counsel which states as follows:

> The purpose of this email is to confirm that Mr. Tabel waives his right to appeal Magistrate Judge James' April 15, 2014 Report and Recommendation granting Plaintiffs' Motion for Preliminary Injunction.

Exhibit to Notice Of Defendant's Waiver Of Right To Object To The April 15, 2014 Report And Recommendation (Doc. #35) filed April 25, 2014.

Kansas 66062 (the "Restaurant").

(2) Defendant, Wajdi Tabel, and those acting in concert with him, shall assemble and surrender possession of the inventory, trademarks, service marks, logos, signs, marketing materials and proceeds of the Restaurant.

(3) Defendant, Wajdi Tabel, and those acting in concert with him, are enjoined from

(a) Using any trademark, service mark, logo, or trade name that is confusingly similar to plaintiffs' trademarks;

(b) Otherwise infringing upon plaintiffs' trademarks or using any similar designation, alone or in combination with any other component;

(c) Passing off any of his goods or services as those of plaintiffs or plaintiffs' authorized franchisees;

(d) Causing likelihood of confusion or misunderstanding as to the source or sponsorship of his business, goods, or services;

(e) Causing likelihood of confusion or misunderstanding as to his affiliation, connection, or association with plaintiffs and plaintiffs' franchisees or any of plaintiffs' goods or services; and

(f) Unfairly competing with plaintiffs or plaintiffs' franchisees, in any manner.

(4) On or before **May 12, 2014**, defendant shall file with the Court and serve upon plaintiffs' counsel a written report, under oath, setting forth in detail the manner in which he has complied with this order.

**IT IS FURTHER ORDERED** that this order shall remain effective until the conclusion of this case, pending further order of the Court.

Dated this 30th day of April, 2014 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge